******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

McDONALD, J., concurring. Although I concur in the result that the majority reaches and join in the court's judgment, I am not persuaded by the majority's analysis of the Public Utility Environmental Standards Act, General Statutes § 16-50g et seq., or its conclusion that the act did not preclude the named defendant, the Connecticut Siting Council, "from considering an interdependent facility that *does not yet exist* when balancing the public benefit that will be provided by a proposed facility against the harm that it will cause to the environment." (Emphasis added.) Part II B of the majority opinion. In my view, that conclusion is inconsistent with the command of General Statutes § 16-50p (a) (3), which provides in relevant part: "The council shall file, with its order, an opinion stating in full its reasons for the decision. The council shall not grant a certificate, either as proposed or as modified by the council, unless it shall find and determine:

\* \* \*

"(B) The nature of the probable environmental impact of the facility *alone* and cumulatively with other *existing facilities* . . . ." (Emphasis added.)

When the controlling statute explicitly provides that the council can consider only the facility that is the subject of the application before it alone and cumulatively with "other existing facilities," it is improper, in my view, to go beyond that language and allow the council to consider nonexistent facilities that may or may not be the subject of future applications that would be submitted, if at all, by completely separate applicants. To do otherwise excises "existing" from the statute. Applications filed with the council are unusually technical and remarkably detailed, and the majority does not explain how the council should evaluate the probable environmental impacts of facilities for which it does not have that detailed information.

The legislature included the word "existing" in the statute for a reason, and the majority opinion undermines the legislature's choice by extending the authority of the council to permit consideration of nonexistent, hypothetical facilities when evaluating a proposed facility. To the extent that the plaintiff, Not Another Power Plant, has expressed concerns with segmentation of applications for interrelated facility projects, the resolution of those concerns are policy decisions for the legislature to make, not this court.